IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHANNON PERCHES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:23-CV-508 (CAR) |
| | : | |
| SHERIDAN CONSTRUCTION COMPANY, | : | |
| | : | |
| Defendant. | : | |

### ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is Plaintiff Shannon Perches' Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Sheridan Construction Company ("Sheridan") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e and 12203 ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"). For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. 2]. If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **she must file a recast Complaint** within 21 days, which will supersede her original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

1

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states that she receives $17,520 a year.[5] Plaintiff's assets include a home on which she owes $25,000, a 2001 Ford Ranger, and $300 in bank accounts.[6] Plaintiff attests that she has monthly expenses amounting to

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Plaintiff's Motion to Proceed IFP [Doc. 2 at 2].

[6] *Id.* at 2–3.

$810 and owes $31,200 in various loans.[7] Thus, Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12] A claim is plausible where the plaintiff alleges

---

[7] *Id.* at 5–6.
[8] 28 U.S.C. § 1915(e)(2)(b).
[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[11] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[14]

Plaintiff alleges she was unlawfully discriminated and retaliated against, and ultimately terminated from employment because of her age and gender in violation of Title VII and the ADEA.[15] Plaintiff seeks $161,500 in damages.[16] Plaintiff alleges she was employed by Sheridan in March 2023 to restore windows at St. Peter Claver Catholic Church.[17] Although Plaintiff claims Sheridan was her employer, Plaintiff alleges Regina Sweeney, the church's project supervisor for the renovations, directed Sheridan to hire Plaintiff.[18]

Plaintiff alleges she "endured weeks [of] unwarranted harassment and rude and patronizing treatment from the Sheridan site supervisor, Hunter Roberson."[19] She further alleges she was threatened that she would be fired because she "was not working fast enough" and was not "working 12 hours a day like [the] other workers."[20] On March 20,

---

[13] *Ashcroft*, 556 U.S. at 663.
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[15] Complaint [Doc. 1 at 4–5].
[16] *Id.* at 7; Charge of Discrimination [Doc. 1-2 at 1].
[17] Doc. 1-2 at 1.
[18] *Id.*
[19] Doc. 1 at 7.
[20] *Id.* at 5.

2023, Plaintiff complained about Mr. Roberson's "rude and abusive" behavior to Ms. Sweeney, and was discharged the following day.[21]

As is its duty, this Court has scrutinized Plaintiff's Complaint and has liberally construed all of Plaintiff's assertions.[22] As explained below, Plaintiff's Complaint fails to state any claim for relief.

Title VII prohibits employers from discriminating against an employee on the basis of race, color, religion, sex, and national origin.[23] The ADEA prohibits employers from discriminating in the workplace on the basis of age.[24] Title VII and the ADEA also prohibit employers from retaliating against an employee because she has opposed an unlawful employment practice.[25]

I. Gender and Age Claims

To state a cognizable discriminatory termination claim in violation of Title VII and the ADEA, Plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a

---

[21] Doc. 1-2 at 1.
[22] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").
[23] *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798 (11th Cir. 2010).
[24] *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).
[25] *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

similarly-situated individual outside her protected class.[26] While Plaintiff is not required to specifically plead these requirements in her complaint, she must "provide enough factual matter (taken as true) to suggest" intentional discrimination.[27]

Plaintiff's threadbare allegations are insufficient to state a claim for gender or age discrimination. Plaintiff fails to specify any acts Mr. Roberson committed or failed to commit. Plaintiff alleges Mr. Roberson subjected her to "rude and abusive" and "patronizing" treatment, but she alleges no facts to reasonably infer he treated her differently because of her age or gender or that he treated other employees outside her protected class more favorably. Rather, she appears to simply complain about unfair treatment. But neither Title VII nor the ADEA provides a general cause of action for unsatisfied employees. To state claims for gender and age discrimination, Plaintiff must amend her complaint and allege sufficient facts to plausibly suggest she was unlawfully terminated because of her gender and age.

II.  Retaliation Claims

To establish a prima facie case of retaliation under Title VII and the ADEA, "the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between

---

[26] *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003); *Gibson v. JetBlue Airways Corp.*, No. 20-10943, 2021 WL 5368056, at *4 (11th Cir. Nov. 18, 2021).
[27] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks omitted).

6

the two events."[28] Protected activity includes an employee's opposition to an unlawful employment practice.[29] "In order to state a retaliation claim, the plaintiff need only show that [s]he had a 'reasonable belief' that an unlawful employment practice was occurring, and is not required to show that the employer actually engaged in an unlawful employment practice."[30]

Plaintiff also fails to state Title VII and ADEA retaliation claims. Plaintiff alleges that she was terminated after complaining about Mr. Roberson's "rude and abusive behavior" to the church's project supervisor, Ms. Sweeney, and Mr. Roberson told her that she "endangered his job by complaining."[31] These allegations are insufficient to allege Plaintiff engaged in protected activity under Title VII or the ADEA, or that there is a causal connection between any statutorily protected activity and her termination. Complaining about "rude and abusive" behavior is not enough. To state a claim for retaliation, Plaintiff must amend her complaint to plausibly suggest she was terminated because of her protected activity—not merely that she suffered mistreatment and engaged in a protected activity.

---

[28] *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007); *Stone v. Geico Gen. Ins. Co.*, 279 F. App'x 821, 822 (11th Cir. 2008).
[29] *See EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)).
[30] *Berman v. Orkin Exterminating Co.*, 160 F.3d 697, 702 (11th Cir. 1998).
[31] Doc. 1-2 at 1.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but the allegations in her Complaint fail to state a claim. If Plaintiff wishes to proceed with the action, she **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 2nd day of January, 2024.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
