IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHANNON PERCHES,                          :
                                          :
    Plaintiff,                        :
                                          :        CASE NO.
v.                                        :        5:23-CV-508 (CAR)
                                          :
SHERIDAN CONSTRUCTION                     :
COMPANY,                                  :
                                          :
    Defendant.                        :

---

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is *pro se* Plaintiff Shannon Perches's Motion for Reconsideration of the Court's Order granting Defendant Sheridan Construction Company's Motion to Dismiss. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 20].

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an

---

[1] Fed. R. Civ. P. 59(e).

[2] M.D. Ga., L.R. 7.6.

extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only

grant these motions in three limited circumstances: (1) there has been an intervening

change in controlling law; (2) new evidence has been discovered which was not previously

available to the parties in the exercise of due diligence; or (3) reconsideration is needed to

correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be

used "to relitigate old matters, raise argument or present evidence that could have been

raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for

reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Plaintiff asks the Court to reconsider its Order granting Defendant's Motion to

Dismiss to prevent manifest injustice.[7] Despite Plaintiff's assurance that "she has no

desire to 'relitigate old matters or re-argue settled issues,'"[8] Plaintiff's arguments are, in

fact, attempts to relitigate issues the Court has already ruled on—namely that the

allegations in her Complaint do not establish that she was Defendant's employee, and

---

[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

[7] Plaintiff expresses her concern that the Court did not consider her Response Brief to Defendant's Motion to Dismiss. The Court assures Plaintiff that it reviewed and considered all of the parties' filings, including Plaintiff's Response, in ruling on Defendant's Motion to Dismiss.

[8] Plaintiff's Reply to her Motion for Reconsideration [Doc. 23 at 1].

2

that she failed to exhaust her administrative remedies as to her ADA claims. The Court

thoroughly explained the reasons for its rulings in its previous Order and will not restate

them here. The dismissal of Plaintiff's Complaint was not manifestly unjust. Because

Plaintiff attempts to relitigate matters already decided, and because this case does not fall

into one of the three limited circumstances in which the Court may reconsider its ruling,

the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 20].

       **SO ORDERED,** this 6th day of November, 2024.

                          s/ C. Ashley Royal_____
                          C. ASHLEY ROYAL, SENIOR JUDGE
                          UNITED STATES DISTRICT COURT